IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **RANDY BURNS, Jr.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:20-CV-01594-KOB |
| | ) | |
| **SUPERIOR GOODS, INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

The average motion submitted to a federal district court usually requires that court to decide multiple questions and reach multiple conclusions. But this Motion to Remand (doc. 5) filed by plaintiff Randy Burns is not the average motion. Instead, Mr. Burns's motion boils down to one discrete question: when a litigant removes a state court action to federal court, may the federal court properly remand the action to state court because of a procedural defect in the notice of removal if the party moving to remand did not raise that *particular* procedural defect in its initial motion?

Because, under the settled law of the Eleventh Circuit, the answer to that question is "yes," the court will **GRANT** Mr. Burns's motion to remand and will **REMAND** this action to the Circuit Court of Jefferson County, Alabama. Beyond Freight also filed a motion to amend its notice of removal in which it asks the court to deem its notice of removal timely filed, but the court will **DENY** that motion.

Finally, Mr. Burns filed an unopposed motion to dismiss defendants Beyond Freight and Marcos Darosa. Because the court otherwise has subject-matter jurisdiction over this action, and because Beyond Freight and Mr. Darosa do not oppose the motion to dismiss them, the court will

1

also **GRANT** Mr. Burns's motion to dismiss (doc. 4) and will **DISMISS** Beyond Freight and Marcos Darosa from this action **WITHOUT PREJUDICE**.

I.      **Factual and Procedural Background**

The events underlying this lawsuit occurred on June 13, 2019. Plaintiff Randy Burns alleges that on that date, defendant Cleider DeLarosa Sanchez, while operating a tractor-trailer in the scope of employment with defendant Superior Goods, negligently caused an automobile accident in which Mr. Burns sustained injuries. (Doc. 1-1 at 4–5). Mr. Burns then sued Mr. Sanchez, Superior Goods, and twelve fictitious defendants in the Circuit Court of Jefferson County, Alabama on June 27, 2019 seeking compensatory damages for medical bills, pain and suffering, and lost wages, as well as punitive damages. (Doc 1-1 at 2, 6). Mr. Burns is an Alabama resident, Mr. Sanchez is a Georgia resident, and Superior Goods is a Georgia corporation with its principal place of business in Georgia. (Doc. 1 at 3; doc. 2 at 13).

The case then progressed in state court for the next year while the parties took depositions and exchanged written discovery. (Doc. 7 at 3). But when Mr. Sanchez testified in a deposition that Marcos Darosa—another tractor-trailer driver on the road that day—actually caused the accident, Mr. Burns amended his complaint on July 14, 2020 to add Mr. Darosa and Mr. Darosa's employer, Beyond Freight, Inc., as defendants. (Doc. 7 at 3). Mr. Darosa is a Tennessee resident[1] and Beyond Freight is an Illinois corporation with its principal place of business in Illinois. (Doc. 1 at 3; doc. 1-3 at 2; doc. 7 at 3). Mr. Burns effected service on Beyond Freight on September 5, 2020. (Doc. 1 at 2). Under 28 U.S.C. § 1446(b)(1), Beyond

---

[1] Beyond Freight's notice of removal lists Mr. Darosa as a Florida resident. (Doc. 1 at 3; doc. 2 at 13). This designation appears erroneous, as Beyond Freight's notice of removal later claims that Mr. Darosa resides in Tennessee, as does Mr. Darosa's affidavit (doc. 1-3 at 2) and Mr. Burns's motion to remand (doc. 7 at 3). In any event, Mr. Darosa's state of residency does not affect the outcome of Mr. Burns's motion, because Mr. Darosa does not live in Alabama; accordingly, complete diversity exists between the parties in this case.

2

Freight had thirty days after it received service to file a notice of removal with this court: a period that began on September 6, 2020 and ended on Tuesday, October 6, 2020.

After obtaining the consent of Mr. Sanchez, Mr. Darosa, and Superior Goods, the original defendants, Beyond Freight filed a notice of removal in the Jefferson County Circuit Court on September 29, 2020 on the grounds of complete diversity between the parties as allowed by 28 U.S.C. §§ 1332 and 1441(a). (Doc. 1 at 1–3). Beyond Freight alleges that it attempted to file a notice of removal with this court on September 29, 2020, but because of claimed technical issues with this court's CM/ECF (electronic filing) system, the court did not receive Beyond Freight's notice of removal until October 9, 2020—three days after the statutory period allowed for removal ended. 28 U.S.C. § 1446(b)(1). (Doc. 1 at 1).

In its notice of removal, filed October 9, 2020, Beyond Freight attached the affidavit of Ashley Harrison, the legal assistant who attempted to file the notice of removal with this court on September 29, 2020. (Doc. 2 at 6). Ms. Harrison claims that although she "did not receive an 'error' message" after uploading the notice of removal and accompanying documents, she later realized that only a single file had been uploaded and that the entire upload "had not been properly completed." (Doc. 2 at 8–9). Accordingly, Beyond Freight filed a motion (doc. 2) asking this court to deem its notice of removal filed on September 29, 2020—the date it first attempted to file its removal notice. (Doc. 2 at 1).

Mr. Burns then filed a motion to dismiss (doc. 4) defendants Marcos Darosa and Beyond Freight in an attempt to defeat this court's jurisdiction, as indicated by his contemporaneously-filed motion to remand (doc. 5; doc. 7 at 2). Mr. Burns also filed a motion to correct (doc. 7) his motion to remand based on typographical errors. Mr. Darosa and Beyond Freight responded in support (doc. 11) of Mr. Burns's motion to dismiss them. Mr. Sanchez and Superior Goods,

3

seeking to stay in federal court, responded in opposition (doc. 10) to Mr. Burns's motion to remand. Finally, Mr. Burns filed a reply (doc. 12) to Mr. Sanchez's and Superior Goods' response in opposition to his motion to remand. And because none of the defendants opposed Mr. Burns's motion to correct his motion to remand, the court will **GRANT** that motion and will consider Mr. Burns's amended motion to remand (doc. 7). Thus, only Mr. Burns's amended motion to remand, Beyond Freight's motion to amend the notice of removal, and Mr. Burns's motion to dismiss remain for the court's consideration.

## II.     Legal Standard

Federal courts are courts of limited jurisdiction. Accordingly, if either the parties or the court itself questions the existence of federal subject-matter jurisdiction at any point in the proceedings, the court has a constitutional responsibility to ensure that federal jurisdiction exists before it takes up any other issues presented by the parties. *Mirage Resorts, Inc. v. Quiet Nacelle Corp.*, 206 F.3d 1398, 1400–01 (11th Cir. 2000).

Beyond Freight removed this action pursuant to 28 U.S.C. § 1441(b) based on diversity-of-citizenship federal jurisdiction under 28 U.S.C. § 1332. The defendants, as the parties invoking federal jurisdiction, bear the burden of showing the existence of federal jurisdiction as of the time of removal. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007). And courts must narrowly construe removal statutes, resolving "any doubts about the propriety of federal jurisdiction…in favor of remand to state court" and in favor of the non-removing party—in this case, Mr. Burns. *See Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

A party who removes a case to federal court must also comply with statutory procedural requirements. Under 28 U.S.C. § 1446(a)–(b)(1), the removing party must file a notice of removal with the "district court of the United States…within 30 days" of the date it receives service of the complaint. But unlike the requirement that federal jurisdiction *must* exist for effective removal, litigants may waive procedural requirements, including the requirement that the removing party file its notice of removal with the district court within 30 days of service. *Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989) (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)).

And finally, the requirement that courts strictly construe removal statutes in favor of remand, while usually invoked regarding questions of subject-matter jurisdiction, also applies to the procedural requirements for removal. *Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351–52 (S.D. Ala. 2014) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).

### III.   Analysis

Mr. Burns moves to remand this case on two primary grounds. First, he alleges that the one-year bar on diversity removals requires remand. And second, he alleges that Beyond Freight did not timely file its notice of removal with this court. But Mr. Burns raised the timeliness issue for the first time in his reply brief and did not present that argument in his initial motion to remand, an issue that the court will face on its own.

Pursuant to its constitutional duty, the court will assess whether federal subject-matter jurisdiction exists before taking up the procedural issues. The court will then address Mr. Burns's motion to remand and Beyond Freight's motion to amend its notice of removal before it addresses Mr. Burns's motion to voluntarily dismiss Mr. Darosa and Beyond Freight.

### A.     *Federal Subject-Matter Jurisdiction*

As stated above, the court has a duty to ensure that federal subject-matter jurisdiction exists in this case regardless of whether either party raises the issue. Although Mr. Burns moves to remand this case on purely procedural grounds, as discussed below, the court will still analyze whether subject-matter jurisdiction exists in this case. And the jurisdictional question also directly bears on whether the one-year bar requires remand, a question the court will address later in this opinion.

Beyond Freight removed this action on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The plaintiff, Mr. Burns, resides in Alabama. As for the defendants, Mr. Sanchez resides in Georgia; Mr. Darosa resides in Tennessee; Superior Goods is a Georgia Corporation with its principal place of business in Georgia; and Beyond Freight is an Illinois corporation with its principal place of business in Illinois. So, complete diversity exists between the parties, as is required for federal jurisdiction.

As to the amount in controversy requirement, Mr. Burns seeks punitive damages and compensatory damages for medical bills, pain and suffering, mental anguish, and lost wages. The court concludes that these demands satisfy the amount in controversy requirement. In *Smith v. State Farm Fire and Casualty Company*, former Judge Acker of this court noted that

> plaintiffs…who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as *punitive damages and emotional distress*, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and *categorically state that plaintiff will never accept more*. Otherwise, a plaintiff will find herself in a federal court…

868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (Acker, J.) (emphasis added). Mr. Burns makes no such claim here and, in any event, does not argue that his suit does not meet the amount in controversy requirement. Additionally, Superior Goods and Mr. Sanchez note that Mr. Burns's

medical expenses alone currently exceed $102,000.00 (doc. 10 at 9). Accordingly, the court concludes that this case satisfies both the amount in controversy requirement and the complete diversity requirement; so, federal jurisdiction exists here.

The court also disagrees with Mr. Burns to the extent that he argues that this court should remand because he has moved to voluntarily dismiss Mr. Darosa and Beyond Freight, the removing defendants. (Doc. 7 at 2). The law of this circuit makes clear that "the district court must look at the case at the *time of removal* to determine whether it has subject-matter jurisdiction. *Later changes to the pleadings do not impact* the court's exercise of [federal] jurisdiction." *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 n.2 (11th Cir. 2007) (emphasis added). *See also Smith v. Wynfield Dev. Co.*, 238 F. App'x 451, 455 (11th Cir. 2007) ("a district court's removal jurisdiction is determined at the time of removal, and events occurring after removal do not oust the district court's jurisdiction") (citing *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290–91 (11th Cir. 2000), overruled on other grounds by *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007)) (internal alterations omitted). This argument consequently lacks merit.

And the court notes that complete diversity still exists in this case without Mr. Darosa and Beyond Freight. The court concludes that it has federal subject-matter jurisdiction over this case. But its inquiry does not end there: the court must also make sure that Beyond Freight followed the procedural requirements for removal, a task to which the court will dedicate the rest of this opinion.

### B.     *The One-Year Bar Under 28 U.S.C. § 1446(c)(1)*

Mr. Burns alleges that the one-year bar for diversity removals under 28 U.S.C. § 1446(c)(1) requires remand, because Beyond Freight removed this case more than one year

after Mr. Burns filed it and because Mr. Burns has moved to voluntarily dismiss Beyond Freight. The court disagrees with both arguments.

Under 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under [28 U.S.C. § 1446(b)(3)] on the basis of [diversity of citizenship jurisdiction] more than 1 year after commencement of the action." Because Mr. Burns filed this action in the Circuit Court of Jefferson County on June 27, 2019, and because Beyond Freight filed its notice of removal on the basis of diversity of citizenship jurisdiction on October 9, 2020, Mr. Burns alleges that § 1446(c)(1) requires this court to remand this case.

But the plain language of § 1446(c)(1) expressly limits the one-year bar to diversity cases "removed under subsection (b)(3)." Subsection (b)(3) allows a defendant to remove a case that, while not initially removable, *becomes removable* later through "service or otherwise of a copy of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). After examining § 1446(c)(1)'s plain language, every circuit to address the one-year bar—including the Eleventh Circuit, albeit in an unpublished opinion—has determined that it applies *only* to cases that were not removable as originally filed but became removable later. *See Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th Cir. 2002) (holding that, as in this case, a party defendant added to an initially-removable case that had been pending in state court for more than one year properly removed the case under § 1446(b), because the one-year deadline did not apply); *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 n.6 (7th Cir. 2007) ("we note that every circuit to have considered the question…has held that the one-year bar is [only] applicable to cases that are not initially removable"); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003) (removal jurisdiction was proper notwithstanding one-year bar because case "could have initially

8

been filed in federal court"); *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998) (one-year bar applies "only to cases that are not initially removable"). *See also Carter v. Frito-Lay, Inc.*, 144 F. App'x 815, 817 (11th Cir. 2005) (unpublished Eleventh Circuit opinion noting that "courts have held that it only applies to cases that were not removable to federal court [as] originally filed"); *Ala. Mun. Workers' Comp. Fund, Inc. v. P.R. Diamond Prods., Inc.*, 234 F. Supp. 3d 1165, 1171 (N.D. Ala. 2017) (Haikala, J.) (decision of this court limiting one-year bar to cases that were not removable as filed).

As the Ninth Circuit succinctly explained, "[t]he first paragraph of [former] § 1446(b) addresses a defendant's right to promptly remove when he is served. The second paragraph addresses a defendant's right to remove beyond the initial period of 30 days, if the case only becomes removable sometime after the initial commencement of the action. Only the latter type of removal is barred by the one-year exception." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998).

Further, the plain language of 28 U.S.C. § 1446(b)(2)(B) expressly allows earlier-served defendants to consent to removal by later-served defendants who have the right to remove. After interpreting § 1446(b), the Eleventh Circuit adopted the so-called "last-served defendant rule," which permits "*each* defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)." *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) (emphasis added). To apply § 1446(c)(1)'s one-year bar to an otherwise-removable case to prevent *new* defendants from removing under § 1446(b)(2)(B), as here, would run afoul of the Eleventh Circuit's ruling in *Bailey* and would thwart the purpose of § 1446(b)(2)(B), "which provides *each* defendant an opportunity to remove an action." *P.R. Diamond Prods.*, 234 F. Supp. 3d at 1171 (emphasis added).

Mr. Burns's lawsuit was removable as originally filed, so the one-year bar does not apply and thus does not require remand. Mr. Burns, an Alabama resident; Mr. Sanchez, a Georgia resident; and Superior Goods, Inc.—a Georgia corporation with its principal place of business in Georgia—were the parties to the suit on the date Mr. Burns filed it. So, complete diversity existed at that time. And Mr. Burns's monetary demands satisfied the amount in controversy at the time of filing, as explained above. Accordingly, the suit was removable as originally filed and § 1446(c)(1)'s one-year bar does not apply here.

Mr. Burns's arguments that Mr. Sanchez and Superior Goods *made* the case non-removable by deciding not to remove it themselves lack merit, because the court must focus its inquiry on the case *as originally filed* for the purposes of the one-year bar. *E.g.*, *Carter*, 144 F. App'x at 817 (the one-year bar "only applies to cases that were not removable to federal court [as] *originally filed*") (emphasis added). That Mr. Sanchez and Superior Goods chose not to remove this otherwise-removable case does not affect the propriety of *Beyond Freight*'s removal for purposes of the one-year bar, because the Eleventh Circuit's "last-served defendant rule" under §1446(b) allowed Beyond Freight to properly remove the action. *See Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008). Mr. Burns's argument that his motion to voluntarily dismiss Mr. Darosa and Superior Goods demands the application of the one-year bar fails for the same reason: the one-year bar *never* applied to case, even before Mr. Burns added Mr. Darosa and Superior Goods as defendants.

Accordingly, the court must next determine whether Beyond Freight timely filed its notice of removal within 30 days of its date of service under § 1446(b).

### C.     *Timeliness of Beyond Freight's Notice of Removal*

Mr. Burns next argues that Beyond Freight untimely filed the notice of removal. The court agrees.

Under 28 U.S.C. § 1446(b)(1), Beyond Freight had thirty days from the day it received service of the complaint to file a notice of removal *with this court*. Mr. Burns effected service on Beyond Freight on September 5, 2020. Accordingly, Beyond Freight's statutory removal period began on September 6, 2020 and ended on October 6, 2020. Although Beyond Freight filed a notice of removal with the Circuit Court of Jefferson County on September 29, 2020, it did not file a notice of removal with this court until October 9, 2020, three days after the thirty-day period for removal expired.

Beyond Freight claims that it attempted to file a notice of removal with this court on September 29, but that due to a "technical failure or electronic filing failure" the notice did not reach this court on that date. (Doc. 2 at 2). Ms. Ashley Harrison, the legal assistant who attempted to file the notice of removal, testified that she received a confirmation email after her attempted upload stating that CM/ECF system had successfully received only one document and not the entire notice of removal. Ms. Harrison further testified that she "misread" the email and "did not appreciate until after the deadline that the other documents had not been uploaded." Beyond Freight did not produce a copy of the email Ms. Harrison claims to have misread. Finally, Ms. Harrison testified that between her attempted filing and the removal deadline, she called this court's Clerk's Office "several times before the deadline to ask about assignment of the case number but did not get a return call until after the deadline." [2] (Doc. 2 at 7–9). Accordingly, Beyond Freight, in a motion styled as a motion to amend the notice of removal,

---

[2] The court notes that attorneys and their staffs may also electronically verify that the CM/ECF system successfully received the documents by emailing newcasedocs@alnd.uscourts.gov.

11

asks the court to deem its notice of removal filed with this court on September 29, 2020. (Doc. 2).

Beyond Freight points the court to several authorities that stand for the general proposition that courts may allow amendment of defective removal notices and that those amendments may relate back to the date of the original notice. *See, e.g.*, *Diaz v. Fountain Park Partners*, No. 6:08-cv-1009-Orl-31GJK, 2008 WL 4194861, at *2 n.4 (M.D. Fla. Sept. 12, 2008); *Kingman v. Sears, Roebuck & Co.*, 526 F. Supp. 1182, 1185 (D. Me. 1981). But neither case Beyond Freight cites applies to this case: in both *Diaz* and *Kingman*, the court timely received the defendant's notice of removal. Instead, the parties in *Diaz* disputed when the thirty-day period for removal began to run, while the parties in *Kingman* disputed whether an amendment to the jurisdictional statement in the notice of removal related back to the original, timely-filed notice of removal. *Diaz*, 2008 WL 4194861 at *2; *Kingman*, 526 F. Supp. at 1185. In any event, the court will not follow these non-binding authorities because it has faced this exact situation before and found the notice of removal untimely.

In *Greenfield v. Allstate Indemnity Company*, a defendant untimely filed a notice of removal, and—like Beyond Freight in this case—blamed the untimely filing on a technical issue with the court's electronic filing system and submitted an affidavit from a legal assistant who claimed to have attempted to file the notice of removal within the statutory period. No. 2:11-CV-4221-KOB, 2012 WL 2153273, at *1–2 (N.D. Ala. June 13, 2012) (Bowdre, J.). And, like Beyond Freight in this case, the defendant in *Greenfield* had timely filed a notice of removal with the state court. *Id*.

But the court found that because *the federal district court* did not receive the notice of removal within the statutory period, the defendant's removal failed for untimeliness. *Greenfield*,

12

2012 WL 2153273 at *2. In reaching this decision, the court relied primarily on the plain language of 28 U.S.C. § 1446(a), which requires the removing party to file the notice of removal "in the *district court of the United States*…." (emphasis added). Because the district court did not receive the defendant's notice of removal within § 1446(b)(1)'s thirty-day period, this court found the defendant's notice of removal untimely regardless of the fact that the defendant filed the notice of removal with the state court within the statutory time limit. *Greenfield*, 2012 WL 2153273 at *2.

The court also relied on persuasive authority from the District of Maryland. *See Stone St. Capital v. McDonald's Corp.*, 300 F. Supp. 2d 345 (D. Md. 2003). The court in *Stone Street Capital*, relying on Supreme Court precedent, refused to deem a document "filed" on the date a party *attempted* to file the document. 300 F. Supp. 2d at 347. The court in *Stone Street Capital* pointed out, for example, that the United States Supreme Court has held that "[a] paper is filed when it is delivered to the proper official and *by him received and filed*." 300 F. Supp. 2d at 347 (citing *United States v. Lombardo*, 241 U.S. 73, 76 (1916)) (emphasis added). And this court in *Greenfield* held that "[t]he Supreme Court's definition of 'file' in *Lombardo* accords with the Federal Rules of Civil Procedure, which explain that 'a paper is filed by delivering it to the clerk." 2012 WL 2153273 at *2 (citing Fed. R. Civ. P. 5(d)) (internal alterations omitted).

Because the clerk of *this court* did not receive Beyond Freight's notice of removal until October 9, 2020—three days after the end of its removal deadline—the court concludes that Beyond Freight untimely filed its notice of removal and will not deem its notice of removal as timely filed. Although the court has sympathy for Ms. Harrison, its conclusion accords with the requirement that courts strictly construe removal statutes in favor of remand. *See Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1351–52 (S.D. Ala. 2014) (citing *Syngenta Crop Prot., Inc.*

13

*v. Henson*, 537 U.S. 28, 32 (2002)). The court will therefore **DENY** Beyond Freight's motion to amend the notice of removal (doc. 2) and will *not* deem the notice of removal filed on September 29, 2020. But the court's analysis does not end with its conclusion that Beyond Freight untimely filed its notice of removal. The court must also determine whether it may properly remand because of Beyond Freight's untimely notice of removal.

### D. *Propriety of Remand Based on the Untimely Notice of Removal*

Mr. Burns raised the issue of the untimeliness of Beyond Freight's notice of removal for the first time in his reply brief on his motion to remand. The untimeliness of removal—a procedural defect—is waivable; so, at first blush, Mr. Burns may have waived his untimeliness argument. *See Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989) (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702 (1972)). And this court has repeatedly held that a court may not properly consider an argument raised for the first time in a reply brief. *Dates v. Frank Norton, LLC*, 190 F. Supp. 3d 1037, 1040 (N.D. Ala. 2016) (citing *Herring v. Sec'y, Dept. of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005)).

But the court determines that Mr. Burns has not waived the issue and that it would reach the conclusion that Mr. Burns urges regardless of whether he had even argued it *at all*—let alone for the first time in his reply brief.

The Eleventh Circuit's decision in *Velchez v. Carnival Corporation* recognizes this court's authority to remand based on Beyond Freight's untimely notice of removal even though Mr. Burns raised that argument for the first time in his reply brief. 331 F.3d 1207 (11th Cir. 2003). In *Velchez*, the Court held that a district court properly remanded an action based on an untimely-filed notice of removal when the party moving to remand did not raise the timeliness issue *at all* in the district court. *Velchez*, 331 F.3d at 1210. Although the district court in *Velchez*

remanded the action based on the untimely-filed notice of removal, the party moving to remand based its motion on an allegation that the removing party had not attached all necessary documents to its notice of removal, a failure that constituted a "procedural defect" in removal for purposes of 28 U.S.C. § 1447(c). *Velchez*, 331 F.3d at 1208–09.

The Eleventh Circuit reasoned that because a motion to remand based on a procedural defect for the purposes of § 1447(c) "establishes that the [party moving to remand] does not want to acquiesce in the federal forum despite any procedural defects," it lacked jurisdiction to review the district court's remand order based on the removing party's untimeliness of removal, because *both* the motion to remand and the court's remand order were based on procedural defects for the purposes of § 1447(c), albeit different procedural defects. *Velchez*, 331 F.3d at 1210. In other words, so long as a party timely files a motion to remand based on *some* procedural defect under § 1447(c), a district court may remand a case for *any* procedural defect in removal under § 1447(c); and, under 28 U.S.C. § 1447(d) as interpreted by the Eleventh Circuit in *Velchez*, a court of appeals will lack jurisdiction to review the court's remand order. *Velchez*, 331 F.3d at 1210.

The court has determined in this case that Beyond Freight untimely filed its notice of removal, an error that constitutes a procedural defect in removal for the purposes of § 1447(c). *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) ("It is undisputed…that the timeliness of removal is a procedural defect—not a jurisdictional one"); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1237 n.1 (11th Cir. 2008) ("untimeliness is a 'procedural' defect in removal rather a 'jurisdictional' defect"). So, based on the practical lesson of *Velchez*, this court may properly remand based on Beyond Freight's untimely removal notice so long as Mr. Burns argued some grounds for remand in his initial motion that this court may

15

properly characterize as "procedural" for purposes of § 1447(c). *See Velchez*, 331 F.3d at 1209–10.

The Eleventh Circuit has repeatedly held that the one-year bar is procedural, not jurisdictional, and that a remand order based on the one-year bar is not reviewable under § 1447(d). *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) (discussing one-year bar and characterizing it as a "procedural" timeliness issue); *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800–01 (11th Cir. 2014) ("removal outside the one-year limit…is a nonjurisdictional defect") (citing *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751–52 (11th Cir. 2010)). And because the one-year bar under 28 U.S.C. § 1446(c)(1)—which Mr. Burns raised in his initial motion to remand—constitutes a "procedural" defect for purposes of § 1447(c), it may properly remand under *Velchez* based on Beyond Freight's untimely removal notice, also a "procedural" defect for purposes of § 1447(c), as discussed above.

This conclusion remains true notwithstanding the fact that the one-year bar does not apply to this case, because, by raising the one-year bar, Mr. Burns showed his desire "to go back to state court" and disclosed to the court that he "does not want to acquiesce in the federal forum despite any procedural defects." *Velchez*, 331 F.3d at 1210. In other words, by basing his motion to remand on the one-year bar, Mr. Burns displayed his unwillingness to "forgive [any] procedural defect and [to] accept the defendant's preference for a federal forum." *Velchez*, 331 F.3d at 1209 (citing *In re Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994)).

Accordingly, the court concludes that it may properly remand this action based on Beyond Freight's untimely notice of removal, even though Mr. Burns did not raise that

properly characterize as "procedural" for purposes of § 1447(c). *See Velchez*, 331 F.3d at 1209–10.

The Eleventh Circuit has repeatedly held that the one-year bar is procedural, not jurisdictional, and that a remand order based on the one-year bar is not reviewable under § 1447(d). *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997) (discussing one-year bar and characterizing it as a "procedural" timeliness issue); *King v. Gov't Emps. Ins. Co.*, 579 F. App'x 796, 800–01 (11th Cir. 2014) ("removal outside the one-year limit…is a nonjurisdictional defect") (citing *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751–52 (11th Cir. 2010)). And because the one-year bar under 28 U.S.C. § 1446(c)(1)—which Mr. Burns raised in his initial motion to remand—constitutes a "procedural" defect for purposes of § 1447(c), it may properly remand under *Velchez* based on Beyond Freight's untimely removal notice, also a "procedural" defect for purposes of § 1447(c), as discussed above.

This conclusion remains true notwithstanding the fact that the one-year bar does not apply to this case, because, by raising the one-year bar, Mr. Burns showed his desire "to go back to state court" and disclosed to the court that he "does not want to acquiesce in the federal forum despite any procedural defects." *Velchez*, 331 F.3d at 1210. In other words, by basing his motion to remand on the one-year bar, Mr. Burns displayed his unwillingness to "forgive [any] procedural defect and [to] accept the defendant's preference for a federal forum." *Velchez*, 331 F.3d at 1209 (citing *In re Cont'l Cas. Co.*, 29 F.3d 292, 295 (7th Cir. 1994)).

Accordingly, the court concludes that it may properly remand this action based on Beyond Freight's untimely notice of removal, even though Mr. Burns did not raise that

*particular* procedural defect as grounds for remand in his initial motion. The court will **GRANT** Mr. Burns's motion to remand because Beyond Freight untimely filed its notice of removal.

### IV. Mr. Burns's Motion to Dismiss Mr. Darosa and Beyond Freight

As stated above, Mr. Burns also moves to dismiss Beyond Freight and Mr. Darosa under Fed. R. Civ. P. 41(a)(2). (Doc. 4 at 1). A plaintiff, *with the court's approval*, may voluntarily dismiss all claims against a defendant under Rule 41(a)(2) "unless the defendant will suffer *clear legal* prejudice;" in other words, the defendant's loss of "any substantial right by the dismissal." *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255–56 (11th Cir. 2001) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856–57 (11th Cir. 1986); *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)) (emphasis added).

But because the *court* must approve a plaintiff's voluntary motion to dismiss under Rule 41(a)(2), and because the court will remand this action to state court, the question arises of whether the court may properly rule on Mr. Burns's 41(a)(2) motion. A district court generally must rule on a motion to remand before it rules on other motions—such as a voluntary motion to dismiss—to ensure that it does not act without jurisdiction. *See, e.g.*,

One federal appellate court, in a widely-cited opinion discussing the issue, explained that "if there is reason for a court to believe that it does not have *subject matter jurisdiction*, the court must address that issue before ruling on a motion for voluntarily dismissal.…[W]ithout subject matter jurisdiction, a district court [cannot] properly engage in the balancing process and exercise of discretion required by Rule 41(a)(2)." *Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1341–42 (Fed. Cir. 2007) (citing *Shortt v. Richlands Mall Assocs., Inc.*, 922 F.2d 836 (4th Cir. 1990) (Table), 1990 WL 207354, at *4 (4th Cir. 1990) (per curiam) (unpublished)) (emphasis added). *See also Harden v. Field Mem'l*

*Comty. Hosp.*, 265 F. App'x 405, 408 (5th Cir. 2008) (quoting *Kidde* for the proposition that a district court should address its "jurisdictional concerns" before ruling on a 41(a)(2) motion); *Powell v. Wal-Mart Stores E., LP*, No. 1:18-00018-N, 2018 WL 1126737, at *1 (S.D. Ala. 2018) (citing *Kidde* and finding plaintiff's 41(a)(2) motion moot because it had not yet addressed subject-matter jurisdiction).

Here, although the court will remand this action on procedural grounds, the court has determined that it otherwise has subject-matter jurisdiction over this case, as explained above. And because "a dismissal [under Rule 41(a)(2)] *should be granted* unless the defendant will suffer clear legal prejudice," the court will exercise its jurisdiction to dismiss Mr. Darosa and Beyond Freight even though it will also remand this case on procedural grounds. *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis). Rule 41(a)(2) exists to protect "principally the interests of the defendant." *McCants*, 781 F.2d at 856. Because neither Beyond Freight nor Mr. Darosa oppose Mr. Burns's motion to dismiss them, the court concludes that Beyond Freight and Mr. Darosa will not suffer prejudice by their dismissal. (Doc. 11). Accordingly, the court will **GRANT** that motion and will dismiss defendants Beyond Freight, Inc. and Marcos Darosa from this action **WITHOUT PREJUDICE**.

The court finally notes that other district courts around the country have dismissed defendants under Rule 41(a)(2) while also remanding the case to state court on procedural grounds. *See, e.g.*, *Rupert v. Winter*, No. 3:10-cv-0799-N, 2012 WL 13102348, at *3, *9 (N.D. Tex. Jan. 24, 2012) (remanding case to state court based on improper notice of removal and granting unopposed motion to dismiss under Rule 41(a)(2)); *Blanco v. Snyder's of Hanover, Inc.*, No. 03 CIV. 385 (GEL), 2003 WL 21939707, at *3 (S.D.N.Y. Aug. 12, 2003) (remanding

because of untimely removal petition but also granting plaintiff's unopposed motion to dismiss damage claims in excess of $75,000 under Rule 41(a)(2)).

## V. Conclusion

For the reasons discussed above, the court will **GRANT** Mr. Burns's motion to remand (doc. 5) and will **REMAND** this action to the Circuit Court of Jefferson County, Alabama. The court will **GRANT** Mr. Burns's motion to amend his motion to remand (doc. 7) because no defendant opposed that motion; the court accordingly considered Mr. Burns's amended motion to remand for the purposes of this opinion. The court will **DENY** Beyond Freight's motion asking this court to deem its notice of removal as timely filed (doc. 2). And finally, the court will **GRANT** Mr. Burns's motion to dismiss Beyond Freight and Mr. Darosa (doc. 4), because neither Beyond Freight nor Mr. Darosa opposes that motion and because this court otherwise has subject-matter jurisdiction.

The court will enter an order to the above effect contemporaneously with this opinion.

**DONE** and **ORDERED** this 11th day of February, 2021.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE